Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 508 | **DATE** | 2/26/2002 |
| **CASE TITLE** | QBE International Ins. vs. Shapo, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) [17-1]. The motion to dismiss is denied. See attached opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 7 2002 | |
| | Notified counsel by telephone. | | date docketed | 38 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QBE INTERNATIONAL INSURANCE LIMITED, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case 01 C 0508 ) |
| NATHANIEL S. SHAPO, DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AS THE LIQUIDATOR OF THE ILLINOIS EARTH CARE WORKERS COMPENSATION TRUST; CHARLES A ABBICK, JR.; J. MARK HARRISON; MICHAEL HILLYER; OLIVER B. FIFER; AND JACQUI BRADLEY, | ) HONORABLE CHARLES R. NORGLE ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**DOCKETE[D]**

**FEB 2 7 200[?]**

## OPINION AND ORDER

CHARLES R. NORGLE, Sr., District Judge.

Before the court is Defendants' motion to dismiss the first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3). For the following reasons, the motion to dismiss is denied and the matter is stayed.

### I. BACKGROUND[1]

This diversity case involves a claim for rescission pursuant to 215 ILCS 5/154, as well as claims for declaratory relief pursuant to 28 U.S.C. § 2201(a). Plaintiff, QBE International Insurance Limited ("QBE"), agreed to renew a Directors and Officers' Liability Policy issued to the Illinois

---

[1] The facts are taken from the pleadings submitted by the parties and any disputed issues are noted in the text.

Earth Care Workers' Compensation Trust ("IEC") and its Trustees in June of 1999. IEC was a group of workers who banded together to provide workers' compensation, occupational disease, and employer's liability insurance coverage to their members. The policy provided coverage for the IEC Trustees for any wrongful acts and was effective from June 15, 1999 until June 15, 2000.

On August 19, 1999 a complaint for conservation was filed in the Circuit Court of Cook County by the Director of Insurance of the State of Illinois, Nathaniel S. Shapo ("Shapo"), against IEC. An order of liquidation with a finding of insolvency was eventually entered on October 26, 2000. As a result of that order, Shapo was vested with title to all property, contracts, and rights of action in regard to IEC. Additionally, the liquidation order entered, pursuant to 215 ILCS 5/189, provided an injunction of:

> bringing or further prosecuting any claim, action or proceeding at law or in equity or otherwise, whether in this State or elsewhere, against Earth Care, or its property or assets, or the Director or Liquidator, except insofar as those claims, actions or proceedings arise in or are brought in the liquidation proceedings prayed for herein.

(Ex. A, ¶ I (iv)).

Subsequent to the liquidation order entered by the Circuit Court of Cook County, Shapo filed a separate suit. In this separate suit, filed on November 30, 2000 in the Circuit Court of Cook County, Shapo brought claims against the former Trustees of IEC alleging breach of fiduciary duty, negligence, and seeking the imposition of a constructive trust. Shapo's lawsuit against the IEC Trustees brought claims that were within the coverage of the Director's and Officers liability policy that QBE issued on the IEC Trustees.

In response to the lawsuit filed by Shapo, QBE filed this lawsuit against Shapo and several individuals who were Trustees of IEC.[2] QBE alleges that the renewal of the insurance policy was based on misrepresentations by the Trustees of IEC. Based on these misrepresentations, QBE seeks the following: (1) recission of the policy pursuant to 215 ILCS 5/154 of the Illinois Insurance Code; (2) a declaration that the policy is null and void pursuant to 28 U.S.C. § 2201(a); (3) a declaration that the policy does not provide coverage for Shapo's claims brought against the Trustees becasue those claims fall under certain coverage exclusions. Shapo and Trustees now move, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3), to dismiss the first amended complaint on the ground of abstention.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) provides, in relevant part: "Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction of the subject matter. . . ." "Fundamental to our law is the understanding that '[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.'" Transit Express, Inc. v. Ettinger, 246 F.3d 1018, 1023 (7th Cir. 2001) (quoting Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986)); see also Allen v. Wright, 468 U.S. 737, 750 (1984).

---

[2] For clarity, the court will refer to the individual defendants Charles A. Abbick, J. Mark Harrison, Michael Hillyer, Oliver B. Fifer, and Jacqui Bradley collectively as the Trustees.

3

In terms of Federal Rule of Civil Procedure 12(b)(3) (improper venue), the following standard should apply:

> When a defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. A court may examine facts outside the complaint in order to determine whether venue is proper. Moreover, in resolving a motion to dismiss pursuant to Rule 12(b)(3), the court must resolve any factual conflicts in the parties' submissions in favor of the plaintiff and draw any reasonable inferences from those facts in the plaintiff's favor.

Moore v. AT& T Latin America Corp., 177 F. Supp. 2d 785, 788 (N.D. Ill. 2001) (citing First Health Group Corp. v. Sanderson Farms, Inc., No. 99 C 2926, 2000 WL 139474, at *2 (N.D. Ill. Jan. 31, 2000).

Shapo and Trustees argue that this court should dismiss this case: (1) based on the abstention doctrine espoused in Burford v. Sun Oil Co., 319 U.S. 315 (1943); and (2) the anti-suit injunction of the liquidation court pursuant to 215 ILCS 5/189. The court does not find either of these arguments persuasive and denies the motion to dismiss. However, the court does stay the matter based on the underlying ongoing and advanced litigation in the Circuit Court of Cook County.

## A. Burford Abstention

The Supreme Court has stated that federal courts have a strict duty to exercise the jurisdiction conferred upon them by Congress. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). For this reason, the doctrine of abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" and may be invoked only in those "exceptional circumstances" in which surrendering jurisdiction "would clearly serve an important countervailing interest." International College of Surgeons v. City of Chicago, 153 F.3d 356, 360 (7th Cir. 1998). The party requesting abstention bears the heavy burden of showing that abstention

4

is warranted. Morton College Board of Trustees of Illinois Community College District No. 527 v. Town of Cicero, 18 F. Supp. 2d 921, 924 (N.D. Ill. 1998). The decision of whether to abstain is committed to the sound discretion of the district court. International College of Surgeons, 153 F.3d at 359.

One form of the abstention doctrine evolved from the Supreme Court's holding in Burford v. Sun Oil Co., 319 U.S. 315 (1943). Under Burford and its progeny, a federal court should abstain from deciding a case "(1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350, 361 (1989). The first type of "Burford [abstention] is concerned with protecting complex state administrative processes from undue federal interference." Id. However, Burford "does not require abstention whenever there exists such a process, or even in all cases where there is a potential for conflict with state regulatory law or policy." Id. The second situation in which abstention is espoused in Burford requires that the state must offer some forum in which the claims may be litigated and this forum must be special, it must stand in a special relationship of technical oversight or concentrated review to the evaluation of those claims. See International College of Surgeons, 153 F.3d at 363 (quoting Property & Cas. Ins. Ltd. v. Central Nat. Ins. Co. of Omaha, 936 F.2d 319, 323 (7th Cir. 1991)).

Ultimately, the court should consider: (1) whether the suit is based on a claim for relief that is exclusively federal; (2) whether difficult or unusual state laws are at issue; (3) whether there is a need for a coherent state doctrine in the area; and (4) whether state procedures indicate a desire to

create special state forums to adjudicate the issues presented. Morton College Board of Trustees of Illinois Community College District No. 527 v. Town of Cicero, 18 F. Supp. 2d 921, 925 (N.D. Ill. 1998) (also citing White & Brewer Trucking, Inc. v. Donley, 952 F. Supp. 1306, 1311 (C.D. Ill. 1997). Determining whether to abstain under Burford requires the court to make a fact-intensive inquiry. Morton, 18 F. Supp. 2d at 925 (citing General Ry. Signal Co. v. Corcoran, 921 F.2d 700, 709 (7th Cir. 1991)).

Applying the aforementioned factors, it is clear that a Burford abstention is not appropriate in this situation. First, the court must consider whether the suit is based on a claim for relief which is exclusively federal. The case at bar is based primarily on state law because state law will govern the substantive coverage issues or misrepresentations and exclusions. QBE's claims involve recission under 215 ILCS 5/154 as well as declaratory judgments pursuant to 28 U.S.C. § 2201(a). It is up to the district court to weigh the relative importance of the state and federal-law issues in the particular case at hand. General Ry. Signal Co., 921 F.2d at 709. Although the lawsuit involves a state law claim of rescission under 215 ILCS 5/154, it would not be inappropriate for this court to decide this issue. See Smith v. Equitable Life Ins. Assurance Society of the United States, 67 F.3d 611, 615 (7th Cir. 1995); Methodist Medical Center v. American Medical Security, Inc., 38 F.3d 316, 319 (7th Cir. 1994); Much v. Penn-American Ins. Co., No. 99 C 7256, 2002 WL 226867, *4 (N.D. Ill. Feb. 14, 2002). Shapo and the Trustees argue that any recission ordered by this court would affect the liquidation proceedings in the Circuit Court of Cook County. However, rescission in the case at bar does not affect the liquidation proceedings in state court because QBE is not seeking any type of monetary relief, nor a prioritization of a claim in the liquidation proceedings.

The only potential effect of a rescission by this court would be upon the separate lawsuit filed in Cook County Circuit Court, by Shapo himself. Shapo filed a separate suit against the Trustees of IEC claiming breach of fiduciary duty, negligence, negligent misrepresentation, aiding and abetting breach of fiduciary duty, and seeking imposition of a constructive trust. Shapo cannot be heard to argue that this suit is part of the liquidation proceeding. Neither federal or state law dominate this case, and contrary to Shapo and Trustees' assertions of interference in state liquidation proceedings, there will be little effect on those proceedings. Thus, Shapo and the Trustees fail to demonstrate the need for abstention. See Morton, 18 F. Supp. 2d at 924 (heavy burden for showing abstention is appropriate).

Second, the case at bar does not involve difficult or unusual state laws. As QBE stated "[s]tripped to its essence the dispute herein is a garden-variety contract matter, involving well settled rules relating to the recission of contracts and contract interpretation." (Plaintiff's Response to Defs.' Mot. to Dismiss, p. 4.) Shapo and the Trustees argue that a novel issue of state law exists because of QBE's claim of exclusion of coverage under a "Insured v. Insured" exclusion. Again, as QBE correctly points out, federal courts in the Northern District of Illinois are often called upon to apply Illinois contract law in an insurance context. The fact that the federal court may have to apply Illinois contract law in a fact-specific situation does not make it difficult or unusual. The potential need for the court to interpret the "Insured v. Insured" exclusion is not grounds to apply a Burford abstention. See International College of Surgeons, 153 F.3d at 362.

The third factor is whether there is a need for a coherent state doctrine in the area. This question has already been answered by the enactment of the McCarron-Ferguson Act, 15 U.S.C. §§ 1011-1015. Under the McCarron-Ferguson Act, the states have assumed primary responsibility for

regulating the insurance industry. Shapo v. Engle, No. 98 C 7909, 1999 WL 446853, at *9 (N.D. Ill. June 11, 1999). Under this regulatory power, most states, including Illinois, have adopted statutes to govern the rehabilitation and liquidation of insolvent insurers. Id. at *9. However, Burford and its progeny does not require abstention "whenever there exists [a complex administrative process], or even in all cases where there is a potential for conflict with state regulatory law or policy." New Orleans Pub. Serv., Inc., 491 U.S. at 362. In this case, any court action or decision will not interfere with the liquidation proceedings or its prioritization of claims in connections with the liquidation. QBE is not a creditor or IEC, and the liquidation proceeding was not established to resolve claims of the type QBE is making in this case. The important state interest in regulatory insurer liquidations is left undisturbed by any action in this court concerning Director or Officers coverage for IEC's Trustees. Again, a Burford abstention is not warranted.

Lastly, the court looks to whether state procedures indicate a desire to create special state forums to adjudicate the issues presented. The issue presented before the court involves a simple contract case. Shapo and the Trustees argue that the claims made by QBE involve the liquidation process occurring in the Circuit Court of Cook County. However, as was stated previously, the claims in this case do not interfere with the liquidation process or its prioritization of claims in connection with the liquidation. Even if the claims of QBE might affect the liquidation process, it still must be remembered that a Burford abstention is not required "whenever there exists [a complex administrative process], or even in all cases where there is a potential for conflict with state regulatory law or policy." New Orleans Pub. Serv., Inc., 491 U.S. at 312. Once again, a Burford abstention is inappropriate in this instance.

8

The decision to abstain in this situation is not a close call. Shapo and the Trustees present arguments to this court that incorrectly frame the matter in the context of a claim against an insolvent insurance entity that is being liquidated pursuant to a state liquidation code. However, what is truly before the court is a contract dispute between an insurer and its insured, in this case the Trustees of IEC as well as Shapo based on his control of IEC. None of the factors developed by the Seventh Circuit to determine if a <u>Burford</u> abstention is appropriate provide support that this court should abstain from exercising its jurisdiction. As stated before, the party requesting abstention bears the heavy burden of showing that abstention is warranted. <u>Morton</u>, 18 F. Supp. 2d at 924. Shapo and the Trustees fail to carry the burden.

## B. Anti-Suit Injunction

As both parties acknowledge, a state cannot enjoin federal proceedings. <u>General Atomic Co. v. Felter</u>, 434 U.S. 12, 17 (1977); <u>Donovan v. Dallas</u>, 377 U.S. 408, 413 (1964). Additionally, and more significantly, Shapo and the Trustees admit that this court should not abstain based upon the anti-suit injunction. (<u>See</u> Defs.' Reply to Motion to Dismiss, p. 7.) The court hesitates to enter the fray of reverse preemption, especially since both parties agree that abstention is not appropriate based solely on the anti-suit injunction. Thus, this aspect of the motion is denied.

## C. Stay

Despite not granting the abstention in this case, the court believes it is appropriate to stay this case. There is no hard and fast rule on when parallel litigation should be stayed in the interest of judicial economy. <u>Professional Service Network, Inc. v. American Alliance Holding Co.</u>, 238 F.3d 897, 902 (7th Cir. 2001). The decision to grant the stay is a logical one when the facts are reviewed. The underlying genesis of this case is the liquidation proceeding. It is appropriate to allow the

Circuit Court of Cook County to efficiently liquidate IEC and settle the various claims based on the insolvency. A stay would allow the liquidation to resolve important issues previously pending. QBE will not be heard to argue that the stay affects this case since it has argued in this motion that this lawsuit does not or is not impacted by the liquidation proceeding. The court orders a stay of the proceeding until the liquidation proceeding in the Circuit Court of Cook County is resolved. Cf. Link v. Wabash R.R., 370 U.S. 626, 632 (1962) (noting the inherent power of district court's "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

### III. CONCLUSION

For the foregoing reasons, the court denies Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(3) and the matter is stayed.

IT IS SO ORDERED.

ENTER:

*/s/ Charles R. Norgle*
CHARLES R. NORGLE, Sr., Judge
United States District Court

DATED: 2/26/02